IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT 3:11-cv-00464 |
| MEDICAL SPECIALTIES, INC. d/b/a GAYLORD, INC. | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Evelyn E. Lockhart ("Lockhart"), who was adversely affected by such practices. As more fully described below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Medical Specialties, Inc. d/b/a Gaylord, Inc. ("Defendant"), failed to accommodate Lockhart's religious beliefs and discharged her because of her religion, Christian (Holiness).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the City of Wadesboro, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lockhart filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From on or about October 15, 2008 until on or about October 22, 2008, Defendant engaged in unlawful employment practices at its facility in Wadesboro, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). As described more fully below, Defendant discriminated against Lockhart by failing to provide her with an

accommodation for a sincerely held religious belief and discharging her because of her religion, Christian (Holiness).

8. For the past thirty-three (33) years, Lockhart has been a practicing member of the Christian (Holiness) faith (hereafter "Holiness faith"). Lockhart's faith is also sometimes referred to as "Commandment Keepers." As part of the Holiness faith, Lockhart believes in keeping the commandments of God as set forth in the Book of Leviticus, in the Holy Bible's Old Testament. The Holiness faith requires followers to abstain from work on certain sacred days. Among the sacred days that followers of the Holiness faith observe are four Holy Days – Passover, Pentecost, Day of Atonement and the Last Great Day. Followers of the Holiness faith are not allowed to work on these four Holy Days. Lockhart has not worked on any of these four Holy Days for the past 33 years in accordance with her sincerely held religious beliefs.

9. Defendant hired Lockhart as a sewing machine operator on or about September 25, 2006. On or about October 15, 2008, Lockhart told her supervisor that she needed to be off on October 21, 2008 – a day that she was scheduled to work - because of her religion. In 2008, the Last Great Day, one of the four Holy Days observed by Lockhart as a member of the Holiness faith, occurred on October 21. Lockhart specifically informed her supervisor that she needed to be off that day to attend church. The supervisor told Lockhart that she did not think Defendant's owner would approve, but that she would talk to him. However, between October 15, 2008 and October 20, 2008, neither Lockhart's supervisor nor Defendant's owner responded to Lockhart's request for a religious accommodation.

10. Consequently, on or about October 20, 2008, Lockhart again asked her supervisor for leave for October 21, 2008 because of her religion. In response, Lockhart's supervisor told Lockhart that Defendant's owner wanted to see her. Defendant's owner told Lockhart that she

3

must be present at work on October 21, 2008 and if she was not present at work on October 21, 2008, she would no longer have a job with Defendant. Lockhart informed Defendant's owner that she needed to be off on October 21, 2008 to attend church but she was still required to come to work on that October 21, 2008.

11. On October 21, 2008, the Holy Day identified as the Last Great Day, Lockhart did not report to work and instead attended church services as required by her sincerely held religious beliefs. On October 22, 2008, Defendant discharged Lockhart. Accordingly, Defendant refused to accommodate Lockhart's sincerely held religious beliefs and discharged her because of her religion, Christian (Holiness). When Lockhart requested to be off to observe the Last Great Day, Lockhart did not have any available vacation days that she could use to be off and Defendant no longer allowed its employees to take "personal days" as it had in the past. Prior to October 21, 2008, Lockhart had previously used vacation days and personal days as necessary to cover her observation of her faith's sacred days.

12. The effect of the practices complained of above has been to deprive Lockhart of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lockhart.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from discriminating against

current or future employees based on their religious beliefs and/or their refusal to violate their religious beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination and allowing for religious accommodation, all of which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Lockhart whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Lockhart whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant to make Lockhart whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Lockhart punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 19th day of September, 2011.

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    Equal Employment Opportunity Commission
    131 M Street, N.E.
    Washington, D.C. 20507

    /s/ Lynette A. Barnes
    LYNETTE A. BARNES (NC Bar #19732)
    Regional Attorney

    KARA GIBBON HADEN
    Supervisory Trial Attorney

    /s/ Stephanie M. Jones
    STEPHANIE M. JONES (GA Bar #403598)
    Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    Charlotte District Office
    129 West Trade Street, Suite 400
    Charlotte, N.C. 28202
    stephanie.jones@eeoc.gov
    Telephone: 704.954.6471
    Facsimile: 704.954.6412

    ATTORNEYS FOR PLAINTIFF