# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:11-cv-00464 |
| v. | ) ) | CONSENT DECREE |
| MEDICAL SPECIALTIES, INC. d/b/a GAYLORD, INC. | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Gaylord, Inc. ("Defendant") discriminated against Evelyn Lockhart when it refused to accommodate Lockhart's religious beliefs, and discharged her because of her religion, Christian (Holiness).

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of Title VII. Likewise, in entering into this Consent Decree the Commission does not disavow the allegations in its Complaint.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion, including by failing to provide a reasonable accommodation, or any other protected category within the meaning of Title VII.

2. Defendant shall pay Evelyn Lockhart the sum of Fifty-Five Thousand Dollars ($55,000.00) in full settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Evelyn Lockhart. Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the check to Evelyn Lockhart at an address provided by the Commission. Within ten (10) days after payment has been sent, Defendant shall (1) email a copy of the check and proof of its delivery to Evelyn Lockhart to EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) send it by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

3. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Evelyn Lockhart any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 14C-2009-00412 and the related events that occurred thereafter. Within fifteen

2

(15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

4.     Defendant agrees to provide Evelyn Lockhart with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Evelyn Lockhart at an address provided by the Commission. Evelyn Lockhart is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Evelyn Lockhart from a potential employer, it will provide only the information set forth in the letter of reference in response.

5.     Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide a reasonable accommodation for sincerely held religious beliefs absent undue hardship; procedures for employees to request religious accommodations; procedures for considering employees' requests for religious accommodations; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

3

6.      During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in each of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

7.      Within one hundred (100) days after entry of the Decree by the Court, Defendant shall provide a training program to all of Defendant's owners, managers, supervisors and employees. Approximately one year after the completion of the above referenced training program, Defendant shall provide a second training program to Defendant's owners, managers and supervisors. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against religious discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all attendees.

8.      Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

4

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

A. identify each individual employed by Defendant who at any time during the reporting period requested a religious accommodation, including by way of identification each person's name, social security number, address, telephone number, position, date of accommodation request, accommodation requested, whether the request was granted, and what, if any, accommodation was provided to the individual;

B. for each individual identified in response to 9.A. above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify all individual(s) involved in the decision regarding the accommodation request;

C. for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after the individual's request for religious accommodation; and

D. for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed and the identity of all persons involved in the decision to change said employment status.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the

5

allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

12.     The term of this Decree shall be for two (2) years from its entry by the Court.

13.     All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by email to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14.     Each party shall bear its own costs and attorney's fees.

15.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.


_11.15.12_
Date

Robert J. Conrad, Jr.
Chief Judge, U.S. District Court
Western District of North Carolina

6

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISION,**
**Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Lynette A. Barnes
LYNETTE A. BARNES
N.C. State Bar No. 19732
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202

KARA GIBBON HADEN
Supervisory Trial Attorney

s/ Nicholas G. Walter
NICHOLAS G. WALTER
N.C. State Bar No. 31849
Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 954-6472
Fax: (704) 954-6412
nicholas.walter@eeoc.gov

*Attorneys for Plaintiff*

**GAYLORD, INC.**
**Defendant**

s/ G. Bryan Adams, III
Philip M. Van Hoy
N.C. State Bar No. 5869
G. Bryan Adams, III
N.C. State Bar No. 17307
Van Hoy, Reutlinger, Adams & Dunn, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
phil.vanhoy@vradlaw.com
bryan.adams@vradlaw.com

*Attorneys for Defendant*

7

# EXHIBIT A

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

We provide the following reference on behalf of our former employee, Evelyn Lockhart.

Ms. Lockhart was employed by Gaylord, Inc., from September 25, 2006 to October 22, 2008. During her tenure with us, Ms. Lockhart held the position of sewer. Her ending compensation was $8.94 per hour.

We hope that this information about Ms. Lockhart is helpful to you in considering her for employment.

Sincerely,


[Typed name of company representative]
[position], Gaylord, Inc.

8



# EMPLOYEE NOTICE

1.　　This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Gaylord, Inc. in relation to a case of alleged discrimination based on religion.

2.　　Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on an individual's religion. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.　　Gaylord, Inc. will comply with such federal law in all respects. Furthermore, Gaylord, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is permitted to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014.

**EXHIBIT B**